

**SO ORDERED.**
**SIGNED this 12th day of August, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
Suzanne H. Bauknight
CHIEF UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

MARLENE BARRANCO STELLING

        Debtor

MICHAEL STELLING

        Plaintiff

        v.

MARLENE BARRANCO STELLING

        Defendant

Case No. 3:24-bk-30804-SHB
Chapter 13

Adv. Proc. No. 3:26-ap-03016-SHB

## MEMORANDUM AND ORDER
## ON MOTION TO DISMISS

On April 15, 2026, Plaintiff filed the Complaint initiating this adversary proceeding

against Defendant,[1] asking this Court to declare Defendant in breach of the parties Separation

and Settlement Agreement ("Agreement") and Judgment of Divorce to relieve Plaintiff of his

remaining obligation under the related Qualified Domestic Relations Order ("QDRO") so that

---

[1] Plaintiff is Defendant-Debtor's ex-husband.

Defendant would not be entitled to funds from Plaintiff's pension when he retires. [Doc. 1].

Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)[2]

("Dismissal Motion") on May 15, 2026, which was accompanied by a supporting memorandum

of law as required by E.D. Tenn. LBR 7007-1(a). [Docs. 8, 9.]  Defendant argues that Plaintiff's

Complaint should be dismissed because (1) "[b]reach of contract is not an exception to any

discharge provision of the Bankruptcy Code" and (2) "[t]his Court does not have jurisdiction

over this proceeding." [Doc. 8 at ¶¶ 6-7; Doc. 9.]  Plaintiff filed his opposition to the Dismissal

Motion on June 5, 2026 [Doc. 10], and this matter is ripe for adjudication.

Because Plaintiff's request for this Court to vacate the QDRO entered by a New York

state court does not fall within the umbrella of this Court's authority and jurisdiction,[3] the

Complaint must be dismissed.

### ANALYSIS

Defendant asserts Rule 12(b)(6) as the basis for the Dismissal Motion, which requires

dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  Although Defendant questions whether this Court has the "legal authority to vacate a

New York Divorce Order," [Doc. 9 at 2], she does not expressly raise Rule 12(b)(1) and lack of

subject-matter jurisdiction.  Nonetheless, a court may not hear an adversary proceeding if it does

---

[2] Rule 12 is applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012.

[3]  Notably, Plaintiff has not sought any determination of nondischargeability under 11 U.S.C. § 523 for any alleged breach of contract, nor could he because the deadline to file an adversary proceeding to challenge dischargeability of certain debts was August 12, 2024, and the Complaint was not filed until April 15, 2026.  [Notice of Chapter 13 Bankruptcy Case, Bankr. Case No. 3:24-bk-30804-SHB, ECF No. 7 at 2 (Bankr. E.D. Tenn. May 13, 2024.] *See also* Fed. R. Bankr. P. 4007(c).

not possess the jurisdiction to do so. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have

an independent obligation to determine whether subject-matter jurisdiction exists, even when no

party challenges it.").

As Plaintiff explains in response to the Dismissal Motion, the Complaint alleges the

following:

- that Plaintiff and Defendant were parties to a contract in the form of the
  Agreement;

- that Plaintiff performed his obligations under the Agreement;

- that Defendant breached the Agreement by failing to timely refinance a mortgage
  loan on the former marital residence;

- that Defendant breached the Agreement by depleting all of her retirement savings
  instead of conveying half of it to Plaintiff as required under the Agreement; and

- that Plaintiff suffered damages as a result of Defendant's breaches.

[Doc. 10 at 2.]  These allegations, Plaintiff argues, are sufficient for this Court to "discharge

Plaintiff from any further obligations" under the Agreement. [*Id.*]  Plaintiff also asserts that "the

relief sought by Plaintiff is available under New York law, and a declaratory judgment that

Plaintiff is relieved of any further obligations is appropriate and available under the state's law."

[*Id.* at 2-3.]

The district court, through which this Court derives its jurisdiction, possesses jurisdiction

over all cases under Title 11. 28 U.S.C. § 1334(a).  Congress has enabled district courts to refer

these cases to "the bankruptcy judge of that district."[4] 28 U.S.C. § 157(a).  The scope of that

---

[4] *See* Standing Order SO-26-02 (E.D. Tenn. May 29, 2026), available at https://www.tned.uscourts.gov/
sites/tned/files/Standing%20Order%202602%20on%20Bankruptcy%20Judges_Signed%20%26%20Stamped%20Fil
ed.pdf

reference is confined to cases that arise under Title 11 and proceedings that "arise under," "arise in," or "relate to" a case under Title 11. *Id.* "[S]ection 157 divides all proceedings into two categories": core and non-core. *Mich. Emp. Sec. Comm'n v. Wolverine Radio Co., Inc.* (*In re Wolverine Radio Co., Inc.*), 930 F.2d 1132, 1144 (6th Cir. 1991); 28 U.S.C. § 157(b), (c). A proceeding is "core" if it falls within the list enumerated in § 157(b).

In *Wolverine Radio*, the Sixth Circuit explained "arising under" and "arising in" relative to bankruptcy court jurisdiction, stating:

> The phrase "arising under title 11" describes those proceedings that involve a cause of action created or determined by a statutory provision of title 11, and "arising in" proceedings are those that, by their very nature, could arise only in bankruptcy cases. Conversely, if the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of the bankruptcy, then it is not a core proceeding. Such a proceeding may be *related to* the bankruptcy pursuant to sections 1334(b) and 157(c), but it would not be a core proceeding within the meaning of section 157(b).

*Id*. (citation modified).

A non-core proceeding, thus, "relates to" a Title 11 case, but only if it meaningfully touches the bankruptcy estate such that it could affect, prejudice, or alter the estate. *Id.* at 1141-42; *see Evangelista v. Silver* (*In re Silver*), 649 B.R. 18, 24 (Bankr. E.D. Mich. 2023) (citing *In re Wolverine Radio*, 930 F.2d at 1142) ("[T]he Sixth Circuit cautioned against finding "related to" jurisdiction in situations where there is an extremely tenuous connection to the estate."). Additionally, a bankruptcy court presented with a related-to, "non-core" proceeding must choose from the enumerated paths under §157(c):

> (1) A bankruptcy judge may hear a proceeding that is not a core proceeding **but that is otherwise related to a case under title 11**. In such proceeding**,** the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding **related to a case under title 11** to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(c) (emphases added).

In other words, the non-core proceeding first must "relate to" or have a sufficient relationship with the debtor and the bankruptcy estate.  If it does so relate, the bankruptcy judge may hear the case, but the bankruptcy court does not have the power to enter final orders in the non-core matter and must make a recommendation to the district court.  Section 157(c)(2) provides an exception that allows the bankruptcy judge to independently hear and rule on a related-to matter if all parties consent.

As reflected in the Complaint, Plaintiff acknowledges that this matter is non-core. [Doc. 1 at ¶ 4.]  The Court recognizes that the funds in question affect Defendant's bankruptcy estate because Plaintiff was ordered to transfer a portion of his pension to Defendant as part of the parties' divorce, and Defendant's right in Plaintiff's pension is property of the bankruptcy estate under 11 U.S.C. § 541(a).[5]

This Court recently explained the analysis for dismissal under Rule 12(b)(1):

> Rule 12(b)(1) requires dismissal of a complaint for a "lack of subject-matter jurisdiction," which must be decided first because "the Rule 12(b)(6) challenge becomes moot if this [C]ourt lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden to prove jurisdiction to survive the motion. *Arnold v. Moore & Smith Tree Care LLC*, No. 25-5221, 2025 WL 3483272, at *2 (6th Cir. Oct. 6, 2025). Motions to dismiss under Rule 12(b)(1) are based on either facial attacks related to the sufficiency of the allegations or factual attacks under which there is no presumption of truthfulness applied to the allegations. *L.C. v. United States*, 83 F.4th 534, 542 (6th Cir. 2023).

---

[5] Such right, however, does not arise practically until Plaintiff's retirement. [Doc. 1 at ¶ 36.]

A facial attack addresses whether the complaint alleges a basis for subject matter jurisdiction but does not challenge the facts alleged, requiring the court to accept the factual allegations as true. *Id.* Facial attacks, therefore, are subject to the plausibility test set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Morgeson v. Freeman*, No. 1:23-cv-269, 2024 WL 1406105, at *5 n.6 (S.D. Ohio Apr. 2, 2024) ("The Court acknowledges that Iqbal and Twombly are Rule 12(b)(6) cases, not Rule 12(b)(1) cases assessing facial challenges to the Court's subject-matter jurisdiction. But they provide the contours for deciding what constitute the 'reasonable inferences' to which a complaint's well-pleaded allegations give rise. And that inquiry parallels the question the Court must decide in assessing its subject-matter jurisdiction from the face of the complaint." (citations omitted)); *cf. Ass'n of Am. Physicians & Surgeons v. U.S. Food & Drug Admin.*, 13 F.4th 531, 543-44 (6th Cir. 2021) (joining other circuits that apply the plausibility test to standing issues).

Factual attacks, on the other hand, "'challenge[ ] the factual existence of subject matter jurisdiction' ... [and] 'attack[ ] the factual allegations underlying the assertion of jurisdiction, either through the filing of an answer or otherwise presenting competing facts.'" *L.C.*, 83 F.4th at 542 (citations omitted). Further,

> [w]hen adjudicating "a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case."

*Id.* (quoting *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014)).

*Build Baytown I, LLC v. The City of Baytown* (*In re Build Baytown I, LLC*), No. 3:24-bk-30748-SHB, Adv. Proc. No. 3:24-ap-03029-SHB, ___ B.R. ___, 2026 WL 766451, at *3–4 (Bankr. E.D. Tenn. Mar. 17, 2026).

The Rule 12(b)(1) problem here is facial. Thus, the Court accepts the allegations as true and reviews whether those facts create a cause of action within this Court's subject-matter jurisdiction. Simply, this Court lacks authority to vacate the QDRO for two reasons. First, even if the Court were to find that the proceeding is sufficiently related to the bankruptcy case under § 157, a federal court "lacks jurisdiction or power to grant relief from, reverse, vacate or otherwise modify judgments or orders of the state courts" under the *Rooker-Feldman* doctrine. *In re*

*Maloy*, No. DG 26-00023, 2026 WL 2189689, at *2 (Bankr. W.D. Mich. July 29, 2026); *see also*

*T.M. v. Univ. of Md. Med. Sys. Corp.*, 608 U.S. ___, 146 S. Ct. 1739, 1749 (2026) ("*Rooker-*

*Feldman* bars suits in federal district court that 'see[k] what in substance would be appellate

review of [a] state judgment[.]"); *In re Ellison*, No. 25-10859, 2026 WL 1453415, at *5 (Bankr.

S.D. Ohio May 20, 2026) (holding that a state domestic relations court's order could not be

reviewed or redetermined by a bankruptcy court).[6]

    Moreover, as one bankruptcy court recently explained:

> Even if the *Rooker-Feldman* doctrine was inapplicable, the domestic relations exception provides an independent basis for this Court to decline hearing the Counterclaims. The domestic relations exception is a judicially created doctrine which divests federal courts of subject matter jurisdiction in "cases involving the issuance of a divorce, alimony, or child custody . . . ." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). Through its inception, the Supreme Court found that state courts are generally better suited with judicial expertise in domestic relations to issue these types of decrees. *Id.*

*Brown v. Brown* (*In re Brown*), No. 25-60874-JWC, Adv. Proc. No. 25-05261-JWC, 2026 WL

2279980, at *4 (Bankr. N.D. Ga. Aug. 6, 2026).

    Plaintiff clearly asks this Court to vacate a state-court order that arose out of the parties'

divorce.  As such, even if *Rooker-Feldman* did not preclude the Court from granting Plaintiff his

requested relief, the domestic-relations exception does.

---

[6] Notwithstanding the Court's denial of Plaintiff's stay-relief motion filed under 11 U.S.C. § 362(d)(2), Plaintiff is not precluded from seeking relief from the automatic stay under the appropriate provision of 11 U.S.C. § 362(d) to seek modification of the QDRO in the state court. [Memorandum & Order on Motion for Relief from Stay, Bankr. Case No. 3:24-bk-30804-SHB, ECF No. 114 at 6 & n.4 (Bankr. E.D. Tenn. Mar. 11, 2026).]  Plaintiff states in his response to the Dismissal Motion that "if the Court finds that Defendant did commit a material breach of the parties' . . . Agreement, an order from this Court to that effect together with a limited order lifting the automatic stay so that Plaintiff can obtain the order of vacatur from a New York court, would be equally effective relief for the breaches committed by Plaintiff." [Doc. 10 at 3.]  The Court lacks jurisdiction to do what Plaintiff asks, and even if the Complaint requested relief from the automatic stay (which it does not), an adversary proceeding is not the proper vehicle to seek stay relief. Fed. R. Bankr. P. 4001(a)(1) ("A motion under § 362(d) for relief from the automatic stay . . . must comply with Rule 9014.").

## II. ORDER

Because the bankruptcy court lacks subject matter jurisdiction over Plaintiff's causes of

action, the Court directs the following:

1.  The Motion to Dismiss filed by Defendant on May 15, 2026 [Doc. 8], is GRANTED.

2.  The Complaint filed by Plaintiff on April 15, 2026 [Doc. 1], is DISMISSED with

prejudice.

###